Judgment reversed, and <em>venire de novo</em> awarded.

---

## Hopkins *against* The Railroad Company.

The note of a company, though in its form of words strictly negotiable, yet if it be attested by the seal of the corporation, it is a specialty; and in an action upon it by the holder, is subject to the defence of a want of consideration.

ERROR to the Common Pleas of *Dauphin* county.

Howell Hopkins, endorsee of the Southern Loan Company, against the Cumberland Valley Railroad Company.

This action was founded upon the following note:

<em>Office of the Cumberland Valley Railroad Co., Carlisle, March 6th</em> 1839.

Six months after date, the Cumberland Valley Railroad Company promises to pay to the order of James Johnson, the sum of eight thousand dollars, without defalcation, for value received. Payable at the bank of the United States.

T. G. M'COLLOUGH, Pres't.

Attest, J. W. EBY, Sec'y. (Seal of the corporation).

(Endorsed)    JAMES JOHNSON,

WILLIAM W. SMITH, <em>Cashier S. L. Company.</em>

The plaintiff's declaration was in *assumpsit*, treating the instrument as strictly negotiable, and in the hands of an endorsee.

Many questions arose during the trial, but the only important one was, whether the plaintiff's cause of action was open to the defence that no consideration passed to the defendants for the note; that it was stolen, when in blank as to the amount, and afterwards filled up and passed away. The court below (Par-

sons, President) ruled this point for the defendants, for whom a verdict and judgment passed.

*Hamilton Alricks* and *Attorney-General Johnson*, for plaintiffs in error, cited on this point, 1 *Eng. Com. Law Rep.* 268; 6 *Serg. & Rawle* 16; 7 *Eng. Com. Law Rep.* 215; 13 *Eng. Com. Law Rep.* 435; 2 *Burrows* 1216.

*Watts* and *M'Cormick*, contra, cited 5 *Whart.* 331; 2 *Serg. & Rawle* 504; 13 *Serg. & Rawle* 315; 2 *Penn. Rep.* 245; 1 *Dall.* 208.

The opinion of the Court was delivered by

HUSTON, J.—In the discussion of this cause in this court, a wide range was taken by the counsel of the plaintiff. Many points of law were raised, and some of them ably discussed, which are not material to a decision of the case. It is sometimes objected that this court, in delivering its judgment, does not notice every point stated and reasoned on by counsel. Where points are material to the correct decision of the case, the complaint may have some foundation. But there are cases in which some one point is and must be decisive of the cause, and this alone is argued and supported by counsel on one side, while the other side introduces other matters having, (except for the fact which is conclusive of the case,) a relation to some parts of the case; and spend time and show learning and ability in discussing them. In other words, they argue the case as it would be if the material fact had no existence; and yet complain that this court only decided the case before them. To be more particular, (though I do not know that there will be any complaint in this case), the plaintiff contended that he was an innocent endorsee of a negotiable note; that if he was not, yet he took it from an innocent endorsee, and, therefore, was protected. It was also insisted, and cases of our own and other courts cited, to prove that a corporation may be liable in *assumpsit.* None of these positions were denied, or are denied as general principles; but as we heard an argument only on one side, and the points, though generally true, may be accompanied by circumstances making another case, I decline saying anything about them.

The cause was put by the court to the jury on the question whether a writing, in form a negotiable note, but having the seal of the maker of the note affixed to it, is a negotiable note or a sealed instrument. We are not without authority in our own courts on this subject. 1 *Dall.* 228 decides that an instrument, though payable to a man and his assigns, with the seal of the maker, is a specialty; and the definition of Blackstone is adopted: "Debts by specialty are such whereby a sum of money becomes or is acknowledged to be due by an instrument under seal." In *Taylor* v. *Glaser*, (2 *Serg. & Rawle* 504), Tilghman C. J., in deli-

[Hopkins v. The Railroad Company.]

vering the opinion of the court, says: "I will premise that two principles are, in my opinion, well founded. One, that although in the body of the writing it is said that the parties have set their hands and seals, yet it is not a specialty, unless it be actually sealed and delivered. Another, that if it be actually sealed and delivered, it is a specialty, although no mention be made of it in the body of the writing;" and the case was decided on inspection. There was some difficulty in that case whether the scroll annexed to the name was intended as a seal or not; but in the case before us, the impression of the seal, imposed by a press used for the purpose, was on the paper, and it was proved to be the seal of the corporation, affixed by the direction of the board of managers of the railroad company.

In *Frevall v. Fitch*, (5 *Whart.* 325), we find a decision more direct to the point. In that case, the evidence of the plaintiff's demand was in form a note, payable four months after date. It was issued by a bank, and signed by the president and cashier in the manner bank-notes are signed, and, in fact, had in all respects, (save one), the appearance of what in late days are called post-notes, but it had the seal of the corporation plainly impressed on it. "It is clear," said the Chief Justice, "that recourse cannot be had to the defendant on his endorsement. Bearing the corporate seal of the bank on its face, though framed in other respects as a promissory note, the instrument is a specialty, and no obligation arose from the endorsement of it, either by the statute or the custom of merchants."

In this case, the suit is not by the endorsee against the endorser, but against the maker of the note; but it being a specialty, by our law the consideration of it is open to inquiry in the hands of the assignee or endorsee as much as if held by the original payee. The proof that it had been lost by or stolen from an agent of the company, and that the endorsement was a forgery, was so clear, that no dispute arose on that point in the Court of Common Pleas. It will not do to suggest points not before that court, and allege that the court ought to have charged the jury on points of law not made at the trial, and for making which now we see no reason. It is not now denied that the company are not liable, if this paper is a specialty, and was surreptitiously obtained and dishonestly negotiated, and no value received by the maker. The only allegation which can sustain the plaintiff's claim is, that this was negotiable paper; which it is not, and which we cannot hold it to be, without breaking down all the long-settled distinctions of the law; on the ground that defendants fraudulently put it in circulation, and received value for it — a matter not suggested in the trial before the jury, and for making which here there is no support in the testimony or facts of the case.

Judgment affirmed.