## Mason *versus* Frick.

Coupon bonds payable to bearer, lawfully issued and sold by a private corporation, possess the incidents of negotiable paper.   Title thereto passes by delivery to a bona fide purchaser, unaffected by want of title in his vendor.

January 24th, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia county:* Of July Term, 1883, No. 195.

[Mason *v.* Frick.]

Allison Z. Mason, trustee of the estate of Calvin Learned, deceased, issued a summons in "detinue and debt" against Aaron K. Frick, and filed the following narr.:

"For that the plaintiff is the owner of a certain first mortgage coupon bond for one thousand dollars of the Denver City Water Company, numbered eighty (80), with the coupons thereto belonging, and was such owner on the fifteenth day of July, A. D. 1882; that heretofore, to wit, on July 15th, 1882, plaintiff lost said bond and the coupons thereto belonging from said date, which bond and coupons were of great value, to wit, of the value of thirteen hundred dollars; that thereafter, to wit, on October 7th, 1882, defendant found said bond and the coupons thereto belonging, and detains the same from the plaintiff, to the plaintiff's damage of two thousand dollars, and therefore he brings suit.

"And also for that whereas the defendant heretofore, to wit, on the first day of December, A. D. 1882, at the county aforesaid, was indebted to the plaintiff in a large sum of money, to wit, in two thousand dollars, for goods then and there sold and delivered by the plaintiff to the defendant at his request. Yet the defendant has not paid the said money or any part thereof, to the damage of the plaintiff of two thousand dollars."

Pleas, non detinet, nil debet, non assumpsit, and a special plea that the "bond and coupons attached are of a class of securities the title to which passes by delivery only," and that defendant had received the same from one C. Dorwin Freeman, as security for money loaned to him by the defendant, in good faith and without any notice or knowledge of the plaintiff's alleged title, and that said loan remains unpaid. Replication to the first two general pleas, and to the special plea, and issue.

On the trial, before BIDDLE, J., the bond with coupons attached was put in evidence, which was as follows:

"FIRST MORTGAGE TEN PER CENT. DENVER CITY WATER
COMPANY BOND.

No. 80.

"Principal payable in gold coin, free of United States taxes.
Interest payable in current money of the United States.
$1,000 secured by first mortgage on property and franchises of company.

"UNITED STATES OF AMERICA,   }   Whole issue $250,000.
   "DENVER, COLORADO."           }
                  "DENVER CITY WATER COMPANY.

"Principal payable July 1, 1891. Coupons payable at agency of the company in New York.

" THE DENVER CITY WATER COMPANY promise to pay to _____, or bearer, on the first day of July, 1891, in the city of New York, one thousand dollars in United States gold coin, of or equal to the present standard, with interest thereon at ten per cent. per annum, free of United States taxes, semi-annually, on the first days of January and July, in current money of the United States, upon presentation and surrender of the annexed coupons therefor, such interest to be paid in New York, as specified in the coupons. In case of default in payment of such interest when due, and continuance of such default for sixty days after demand, the principal of this bond will be subject to become due and payable upon the conditions provided in the trust deed hereinafter mentioned.

" This bond is one of 250 bonds for $1,000, each of like tenor and date, numbered from one to two hundred and fifty, inclusive, the payment whereof is secured by a mortgage or deed of trust of even date herewith, made by said company, to Carlos S. Greeley and John McManus, as trustees, covering the company's works at the city of Denver, in the county of Arapahoe, and territory of Colorado, with the appurtenances and equipments thereof, and the corporate franchises, which mortgage, or trust deed, is a first lien upon the whole of said works, and which said bonds of this issue are redeemable as provided by said trust deed.

" In testimony whereof, the said DENVER CITY WATER COMPANY hath hereunto fixed its corporate seal, and caused the same to be attested by its president and secretary, in pursuance with resolutions of its board of trustees on the first day of July, 1871.

[CORPORATE SEAL.]                    " JAMES ARCHER,
                                          " *President.*

" R. R. McCORMICK,
            " *Secretary.*
[18 coupons attached.]

FORM OF COUPON.

$50.
" THE DENVER CITY WATER COMPANY, Territory of Colorado, will pay to the bearer fifty dollars, United States current money, free of United States taxes, on the first day of July, 1891, being six months' interest on bond No. 80.
                              " D. H. MOFFAT, JR.,
                                          " *Treasurer.*"

*Indorsed.*

" We certify that this bond is one of two hundred and fifty

bonds of $1,000 each, secured by the mortgage or deed of trust within referred to.     "CARLOS S. GREELEY,

"JOHN MCMANUS,

"Trustees."

"This bond may be registered in the owner's name on the company's books in the city of New York, or at any other place which the company may determine; such registry being noted on the bond by the company's transfer agent, after which no transfer shall be valid unless made on the company's books by the registered owner, and similarly noted on the bond; but the same may be discharged from registry by being transferred to bearer, after which it shall be transferable by delivery; but it may be again registered as before; the registry of the bond as above shall not restrain the negotiability of the coupons by delivery merely, but the coupons may be surrendered and interest made payable only to the registered owner of the bond."

The plaintiff proved his ownership of the bond on July 15, 1882, on which date his safe was broken open and the bond stolen. It was admitted that C. Dorwin Freeman, from whom the defendant obtained it, knew that it was stolen; but there was no evidence to impeach the defendant's testimony that he received it from said Freeman, as collateral security for a loan of $900, in good faith, and without knowledge or notice of any facts affecting the validity of the title.

The Judge reserved the question whether title to the bond passed by delivery as a negotiable instrument; and instructed the jury that there being no evidence of bad faith by defendant, their verdict should be for defendant, subject to the question reserved. Verdict accordingly.

The Court afterwards entered judgment on the reserved question for the defendant, whereupon the plaintiff took this writ of error, assigning for error, inter alia, the said judgment.

*Bradbury Bedell* for the plaintiff in error.—The bond being under seal was a specialty, and while the recent cases in this State have recognized a sort of qualified negotiability in municipal and railroad bonds payable to bearer, to the extent that the holder may sue the obligor in his own name, it has always been said that all the incidents of negotiability do not attach, and many cases hold that a transferee of the bond of a private corporation takes subject to equities of the true owner. Frevall v. Fitch, 5 Whart., 325; Hopkins v. Railroad Co., 3 W. & S., 410; Carr v. LeFevre, 3 Casey, 413; Commonwealth v. Allegheny Co., 8 Casey, 218, 231; Diamond v. Lawrence Co., 1 Wr., 353, 358; Armstrong Co. v. Brinton, 11

Wr., 367, 371, 373. Even if unqualifiedly negotiable, the title could not be passed by a thief as against the real owner unless the latter had been culpably negligent. Biddle *v.* Bayard, 1 Harris, 150; Broom's Philosophy of the Law, 43; Foster *v.* Mackinnon, L. R., 4 C. P., 704; Byles on Bills, 333.

*W. Horace Hepburn* for the defendant in error.—The cases chiefly relied on by plaintiff in error were decided before bonds of this character had assumed the vast importance in the business of the country which they now have. The cases referring to municipal bonds not intended for general circulation, do not apply to bonds of private corporations, such as the one in this case. Such securities have their value above all others, for the reason that they are negotiable, and pass from hand to hand in the same manner as a bank note. There is scarcely a corporation whose indebtedness is not represented by just such securities, and the citizens have invested in the same, on the faith that they were negotiable, and that a good title passed by delivery only. All the modern cases in Pennsylvania recognize this quality in such bonds. Beaver Co. *v.* Armstrong, 8 Wr., 69; Gibson *v.* Lenhart, 5 Out., 522. Also, that a bona fide holder is not affected by any want of title in his vendor. Phelan *v.* Moss, 17 P. F. S., 59; McSparran *v.* Neeley, 10 Norris, 25.

Chief Justice MERCUR delivered the opinion of the Court, October 6, 1884.

The plaintiff declared in detinue and debt to recover a bond, or its value, in the possession of the defendant, which had been stolen from the plaintiff.

The uncontradicted evidence was that the defendant obtained the bond in good faith, and paid a valuable consideration therefor. These facts were well established.

The main contention was whether the bond was so far of a negotiable character as to pass a valid title thereto to the defendant. This question of law was reserved by the Court, and judgment afterwards entered thereon in favor of the defendant.

The instrument was a "Denver City Water Company" bond. It was one of a series issued at Denver, Colorado, and made payable to _____ or bearer, in the city of New York, twenty years after the date thereof. The interest was provided for by coupons attached, payable to bearer semi-annually at the agency of the company in New York. The power of the company to issue the bond, and its liability to pay the same are unquestioned.

The negotiability of the bond is to be decided by an inspec-

[Mason v. Frick.]

tion of its form, and the well known purpose for which it issued. Do they give it such a negotiable character as to protect a good faith purchaser?

It is true the bond is under seal, and the payment thereof secured by a first lien mortgage on the works of the company. As, however, it is payable to bearer the manifest intention was to make it transferable by delivery. Presumptively the bonds were issued to raise money to construct the works of the company. It was a private corporation, and it put these bonds in the market for sale. The clear intent of the maker was that they should pass as negotiable paper. With the language of negotiability on its face, did the seal impressed thereon destroy the negotiability of this bond?

We are not dealing with the case of an obligation under seal between individuals; nor with the case of an isolated bond of a corporation executed to secure the performance of a contract to do one specific act; but with the case of a corporation which issued 250 of like bonds to borrow money, and put them on the market for sale.

It is held by the supreme court of the United States and by the courts of our sister states that the bond of a corporation of this form and character is negotiable, and that the mere addition of the seal of the corporation which issued it, does not destroy its negotiability. So where the name of the payee is left blank the holder may fill in his own name, and bring suit on the instrument. Chapin v. Vermont & Mass. R. R. Co., 8 Gray, 575; White v. Same, 21 How., 575. The bond of a railroad company to secure the payment of money, although under seal, when made payable to bearer or to order, is regarded as invested with all the attributes of negotiable paper: Zabriskie v. Cleveland C. & C. R. R. Co., 23 Id., 381; Winfield v. Hudson, 28 N. J. L., 255; Murray v. Lardner, 2 Wall, 120; Morris Canal Co. v. Lewis, 12 N. J. Eq., 323.

So municipal bonds, made payable to bearer, are held to be negotiable. They are transferable by delivery, and the holder may sue in his own name. Taylor on Private Corporations, § 326; Commissioners v. Clark, 94 U. S., 278; Cromwell v. County of Sac, 96 Id., 51; Ottawa v. National Bank, 105 Id., 342; Thompson v. Perrine, 106 Id., 589.

The early decisions of our own state do not recognize this rule to its full extent. The later cases, however, have been gradually approaching a conclusion in harmony with the decisions elsewhere. We will refer to a few cases showing the conflict which has been going on and the final conclusion reached.

It was held in Frevall v. Fitch, 5 Whar., 325, and in Hopkins v. Railroad Co., 3 W. & S., 410, that an instrument in the

[Mason *v.* Frick.]

form of a promissory note, if attested by the seal of the corpo-ration was not negotiable.

In Carr *v.* LeFevre, 3 Casey, 413, it was held that a bond issued by a corporation, payable to bearer, will pass by delivery, and the holder may sue on it in his own name. In the opinion of the court by Mr. Chief Justice LEWIS, it is said: "We do not desire to have any doubt on the question whether the holder of bonds issued by a corporation, payable to bearer, may maintain an action on them in his own name. Such bonds are not strictly negotiable under the law merchant, as are promissory notes and bills of exchange. They are, however, instruments of a peculiar character, and being expressly designed to be passed from hand to hand, and by common usage so transferred, are capable of passing by delivery so as to enable the holder to maintain an action on them in his own name." This rule is recognized to be correct in Philadelphia & Sunbury R. R. Co. *v.* Lewis, 9 Casey, 33.

It was ruled in Diamond *v.* Lawrence County, 1 Wright, 353, that a coupon bond of the county, under seal, should not be treated as negotiable paper, although it was there conceded that all the courts, American and English, held otherwise.

County of Beaver *v.* Armstrong, 8 Wright, 63, contains a very full reference to the authorities showing that corporation bonds under seal, payable to bearer in money, were negotiable. In the opinion of the court by Mr. Justice READ, it is said: "It is clear then, upon reason and authority, that the coupons which form the subject matter of this suit, and the bonds to which they were attached, having been regularly issued by the county of Beaver, are on the footing of negotiable paper, and pass from hand to hand by delivery as the representatives of money. They may circulate together or separately, and suits on the coupons are sustained entirely independently of the bonds, to which they were originally annexed. It is therefore of very little consequence whether they are promissory notes, bills, drafts or checks, for they have the same quality of negotiability as either of those instruments, and the holder sues upon them and recovers in his own name."

In Bunting's Adm'rs *v.* Camden & Atlantic R. R. Co., 31 P. F. Smith, 254, the case of Carr *v.* LeFevre, supra, is cited approvingly, and it is held that corporation bonds payable to bearer may be sued in the name of the holder.

Again, in the late case of Gibson *v.* Lenhart, 5 Out., 522, it was held that every transfer of railroad coupon bonds for value and without notice, gives the transferee a good title to them as against the former holder. In the opinion of the court by Mr. Justice STERRETT, he says: "Being negotiable securities, every transfer of the bonds to a new holder, for

[McCullough v. Shoneman.]

value and without notice, would give the latter a good title to them as against the former holder. That such is the status of coupon bonds similar to those in question, is too well settled by recent decisions to admit of doubt," citing County of Beaver v. Armstrong, supra, and other cases. He then proceeds: "Like a bank note, or promissory note indorsed in blank, they pass by delivery, and a good faith purchaser is unaffected by want of title in his vendor. The last taker is presumed to be a *bona fide* holder for value, and may maintain his possession against everybody until the contrary is successfully established by those who undertake to assail his possession."

We adopt the conclusion that a bond of the form of the one now in question, must now be held in Pennsylvania, as elsewhere, to possess the incidents of negotiable paper. The defendant having taken this bond in good faith, and having paid a valuable consideration therefor, acquired a good title: Phelan v. Moss, 17 P. F. Smith, 59; McSparran v. Neeley, 10 Norris, 17.

Conceding there was technical error in the charge of the court, yet the plaintiff was not injured thereby. The conclusion at which we have arrived clearly sustains the correctness of the judgment. We do not reverse for immaterial error.

Judgment affirmed.