# Philadelphia and Reading Railroad Company *versus* Smith.

The holder of over due interest coupons and interest warrants, whether attached to or severed from bonds issued by a railroad corporation payable to bearer, may maintain an action thereon against the corporation, and may recover interest on the amount of said coupons and warrants from the time they became due and payable.

January 28, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 3, of *Philadelphia county:* Of July Term, 1883, No. 196.

Debt, by John F. Smith against the Philadelphia and Reading Railroad Company, to recover the amounts of (1) certain scrip certificates, (2) certain interest coupons attached to said certificates, and (3) certain detached interest warrants, originally annexed to bonds, (4) interest accrued on said coupons and warrants from the time the same became due and payable. The plaintiff filed copies of the said instruments, which, except as to numbering and amounts, were in the following form:

[SCRIP CERTIFICATE.]

No. 130.       UNITED STATES OF AMERICA.       $1,000.

STATE OF PENNSYLVANIA.

## The Philadelphia & Reading Railroad Company.

*This is to Certify.* That the PHILADELPHIA & READING RAILROAD COMPANY is indebted to bearer in the sum of one thousand dollars lawful money of the United States of America, which sum the said Company promises to pay to bearer, at its office in the City of Philadelphia, on the first day of July, one thousand eight hundred and eighty-two, with interest thereon from the first day of July, A. D. one thousand eight hundred and seventy-seven, at the rate of six per cent. per annum, payable semi-annually, on the presentation and surrender of the annexed coupons as they respectively mature, both principal and interest being payable without deduction for any tax or taxes which the Company may, by any law of the United States or State of Pennsylvania, be required to retain therefrom for National or State purposes—the Company hereby agreeing to pay such taxes.

The principal of the indebtedness represented by this certificate shall, at the option of the holder, be convertible, at par, into the bonds of the Philadelphia & Reading Railroad Company of the issue known as the Income Mortgage Loan, and secured by the mortgage bearing date the first day of December, A. D. 1876, executed and delivered by the said Company to Edwin M. Lewis, as mortgagee in trust; such conversion to be made, however, only on the presentation and surrender of certificates of this issue in sums of one thousand dollars, or any multiple thereof, with

[Phila. & Read. R. R. Co. *v.* Smith.]

all unmatured coupons annexed, and upon the payment of the excess of interest accrued on the said bonds over that accrued on the said certificates at the date of the said conversion.

*Witness* the corporate seal of the said Philadelphia & Reading Railroad Company, duly attested, this thirtieth day of June, A. D. one thousand eight hundred and seventy-seven.

GEO. DeB. KEIM,
*President pro tem.*

[SEAL.]

Attest:

D. J. BROWN, *Secretary.*

[COUPONS ATTACHED TO THE ABOVE.]

*The Philadelphia & Reading Railroad Company*

Will pay to bearer, at its office in the City of Philadelphia, *thirty dollars*, being six months' interest, due July 1st, 1880, upon Scrip Certificate No. 130.

$30.          D. J. BROWN, *Secretary.*

INTEREST WARRANTS, DETACHED FROM BONDS.]

" CONVERTIBLE LOAN 1873–93.

" THE PHILADELPHIA AND READING RAILROAD COMPANY.

"*Interest Warrant on Bond No.* 25.

" THIRTY-FIVE DOLLARS.

" Payable without deduction for taxes at the office of the Company in the City of Philadelphia.

" JULY 1st, 1882.

" $35.          "J. W. JONES, *Secretary.*"

There was no defence to the claim to recover the principal of the scrip certificates, nor to recover the face amount of the interest coupons attached thereto. The defendant corporation, by its president, filed an affidavit of defence, averring:—

" That copies of the respective bonds referred to in the said interest warrants, copies of which are filed, have not been filed, and that no action can be maintained upon the said interest warrants, as separate and distinct instruments.

" As to various coupons, Nos. 6 to 10 inclusive, due July 1st, 1880, January 1st and July 1st, 1881, January 1st and July 1st, 1882, on $15,400 bonds due July 1st, 1882, deponent is informed and believes that the plaintiff claims to recover judgment on the said bonds, copies of which have been filed, not only for the principal sum due thereon, and for interest on the said principal, which accrued from time to time, but that he also claims interest on the warrants or coupons from the date of their maturity, as if the same were distinct and independent obligations of the defendant; although the said unpaid interest warrants or coupons, as appears from the copy filed, were never detached from the certificates, but still remain component parts thereof; and on behalf of defendant, the deponent suggests that the interest recoverable in this suit, is that only which has accrued upon the certificates

[Phila. & Read. R. R. Co. v. Smith.]

themselves, and not that which may be claimed to have accrued upon the undetached interest warrants or coupons."

The plaintiff took a rule to show cause why judgment should not be entered for the amount claimed, for want of a sufficient affidavit of defence, which rule the court, after argument, made absolute, and damages were assessed for the amount of the face of said scrip certificates, interest warrants, and interest coupons, together with interest at six per cent. upon the amounts of said interest warrants and coupons, from the dates respectively when the same became due and payable.

The defendant thereupon took this writ of error, assigning for error inter alia the action of the court in entering judgment for the face value of the detached interest warrants, together with interest thereon, and for interest on said coupons from the several dates when the same respectively became due and payable.

*Thomas Hart, Jr.* (*Francis I. Gowen* with him), for the plaintiff in error.—In the absence of a specific agreement to pay compound interest, it is never recoverable in Pennsylvania by suit. Sparks *v.* Garrigues, 1 Binn., 152; Stokely *v.* Thompson, 10 Cas., 210; Roberts' Appeal, 11 Norris, 421. The contract in the certificates to pay interest on the principal thereof, was not annulled, enlarged, or affected by the cumulative promise to pay interest thereon at particular dates evidenced by the coupons; the promise in the latter is subordinate to and not independent of the former, so long as the coupons remain attached to the bond, and in the hands of the owner of the bond. As between the maker and the holder in such case there is but one contract, and the holder could not bring separate suits on the bond and on each coupon. Jones on Railroad Securities, § 317; Clark *v.* Iowa City, 20 Wall., 589; City *v.* Lamson, 9 Id., 477; Burton *v.* Town, &c., 4 Fed. Rep., 373; Jackson *v.* R. R. Co., 48 Maine, 156. The decisions in County of Beaver *v.* Armstrong, 8 Wr., 63, and N. Pa. R. R. Co. *v.* Adams, 4 P. F. S., 94, are not opposed to this view, as those cases were actions by the holders of detached coupons, and the ownership of the bonds did not appear. The interest warrants, detached from the bonds, are not the subject of an action. They contain no promise to pay any sum of money to any person or holder, but are simply acknowledgments of sums due at a particular time upon the instrument to which they were attached. Scott *v.* Fields, 7 Watts, 360; Fidelity Co. *v.* Miller, 8 Norris, 26; Crosby *v.* R. R. Co., 26 Conn., 121; Wright *v.* R. R. Co., 1 Disney's Rep., 465; Jackson *v.* R. R. Co., 48 Me., 147; Jones

on Railroad Securities, § 338; Evertson *v.* Bank, 66 N. Y., 14. It is true that in the case of North Penna. R. R. Co. *v.* Adams, supra, a recovery was had upon such interest warrants, but a reference to that case will show that the defence here urged was not made, or considered by this court, nor by the court below, as the affidavit of defence related solely to the question of the allowance of interest, and the assignments of error were " to the allowance of interest on the coupons, and forty dollars and eighty-nine cents counsel fees."

*M. Hampton Todd*, for the defendant in error.—Coupons attached to railroad bonds, payable to bearer, are negotiable instruments, the subject of a separate action by the holder, and interest is recoverable thereon. Beaver Co. *v.* Armstrong, 8 Wr., 63; N. Pa. R. R. Co. *v.* Adams, 4 P. F. S., 94.

The "interest warrants" are substantially "coupons," and the same rule applies to them. N. Pa. R. R. Co. *v.* Adams, supra; Woods *v.* Lawrence Co., 1 Black, 390; Johnson *v.* Stark Co., 24 Ill., 75; Smith *v.* Clark Co., 54 Mo., 58; McCoy *v.* Washington Co., 3 Wall. Jr., 381. This doctrine is in accord with universal commercial usage since such obligations have come into general use and circulation, and to deny it now would cripple the credit of corporations, as well as work injustice to their creditors holding such securities.

Chief Justice MERCUR delivered the opinion of the court, October 6, 1884.

This contention is whether the holder of certain coupons and interest warrants, can recover interest thereon from the time they became due and payable.

Each was given to furnish security for the prompt payment of the interest on bonds issued by the plaintiff in error. The one class of coupons was expressly made payable to bearer at the several times therein specified. They provided for the payment of the interest before the principal debt became due. They were designed to be severed from the bonds. They were intended to pass from hand to hand by delivery. They were payable in money, and at certain times designated. Their form and nature stamped them as the representatives of money. Each successive holder might well conclude that they were thrown on the market as negotiable paper to draw interest from maturity. It must be conceded as a general rule that interest upon interest cannot be enforced. As, however, interest is but hire for the use of money, there is nothing inequitable in a debtor agreeing to pay interest on it when wrongfully withheld. Rent is hire for the use of land, and interest on rent may be recovered. Obermyer *v.* Nichols, 6

Binn., 160; McQuesney *v.* Hiester, 9 Casey, 435 ; Newman *v.* Keffer, Id., 442 in note.   Whenever equity requires the payment of interest on interest, an agreement to so pay it may be enforced.   Pawling *v.* Pawling, 4 Yeates, 220.   While it has been held that compound interest as a compensation merely for the detention of money cannot be allowed in Pennsylvania, yet if there be a special agreement to so pay, and in such form as to be valid, it may be recovered.   Stokely *v.* Thompson, 10 Casey, 210 ; Robert's Appeal, 11 Norris, 420.

The affidavit of defence in the present case does not aver any readiness or willingness to pay the coupons or warrants when they became due.   The case is one of persistent and continuous refusal to pay them.   The manifest purpose in making them was to increase the market value of the bonds by giving assurance of the prompt payment of the interest. The intention was to give currency to them as a separate contract, which would carry with them the usual incident of interest in case of a failure to pay at maturity.   The purchasers and holders acquired them with that character reasonably stamped on their face.   Why then shall they not draw interest after maturity?   Why shall not the maker of this collateral agreement fulfill it, or suffer the usual penalty for its violation? The maker's act fairly intended to produce such effect. Whether they were afterwards actually detached from the original bonds is unimportant.   They possessed the same independent agreement to pay the sums stated, at the times specified.   The company unjustly refused to pay the coupons according to the agreement.   It is therefore equitable that they should draw interest.   That they would do so is clearly implied by the terms of the contract.   Bainbridge *v.* Wilcocks, 1 Baldw., 536.   Interest is therefore equitably demandable. Fries *v.* Watson, 5 S. & R., 222.   The justice in holding that such coupons do draw interest, was distinctly recognized, and the liability therefor affirmed in County of Beaver *v.* Armstrong, 8 Wright, 63.

The other obligations called interest warrants are also coupons.   They are for the payment of money at certain times therein specified.   The language thereof differs some from the former ; but the purpose and the intention are the same. Although they lack express words of negotiability, yet they were executed to secure the payment of the sums therein stated before the maturity of the bonds to which they were attached.   They were so prepared as to be detached therefrom, and give a separate cause of action.   They were untrammeled by the name of any payee thereon to restrict the rights of the holder.   The undoubted purpose and intention of these coupons being so clear, it follows that they draw interest after

[Wistar v. Scott.]

maturity. Although the consideration on which they were based is the interest on bonds, yet that does not change the effect to be given to them. In a suit on a similar coupon, it was so held in North Pennsylvania R. R. Co. *v.* Adams, 4 P. F. Smith, 94. The learned judge committed no error in ordering judgment for want of a sufficient affidavit of defence for the amount of the claim.

Judgment affirmed.