# Rea, Trustee, *v.* Pennsylvania Canal Company.

*Corporations — Mortgages — Coupons — Interest on coupons — Priority.*

Where a corporation mortgage provides that upon foreclosure the coupons on the bonds secured by such mortgage shall be paid

in priority to the bonds, the holder of coupons detached from the bonds is entitled to priority not only for the face value of the coupons but for interest upon each coupon from its due date to the date of payment.

Argued March 24, 1915. Appeal, No. 35, Jan. T., 1915, by John Cadwalader, Jay Cooke, 3rd, Edward Bailey, Donald McCormick, Henry S. Rich, and William F. Norris, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1910, No. 4799, dismissing exceptions to amended decree in case of Samuel Rea, Trustee, *v.* Pennsylvania Canal Company, John Cadwalader, Jay Cooke, 3rd, Edward Bailey, Donald McCormick, Henry S. Rich, William F. Norris, and The Pennsylvania Railroad Company. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to foreclose a mortgage. Before RALSTON, J.

A bill in equity was filed by a trustee under a mortgage issued by the Pennsylvania Canal Company to foreclose the mortgage. The foreclosure was not resisted but bondholders intervened and challenged the allegations contained in the bill of the trustee, that the fund produced by the sale of the mortgaged premises should be used, first, for the payment of coupons owned by the Pennsylvania Railroad Company, which were more than sufficient to absorb the entire fund. The case was heard upon bill, answer and proofs. The lower court decided that the bondholders were first entitled to be paid. On appeal the decision was reversed by the Supreme Court in Rea v. Pennsylvania Canal Co., 245 Pa. 589, and the case was sent back for further proceedings.

An amended decree was thereupon entered by the court below, awarding priority not only to the coupons in the hands of the Pennsylvania Railroad Company, but also to interest upon each coupon from its due date until the date of payment. The court dismissed ex-

ceptions to the amended decree.   The bondholders appealed.

*Error assigned* was in dismissing the exceptions.

*Thomas Raeburn White,* with him *John Cadwalader, Jr., William F. Norris, Robert D. Jenks* and *William A. Glasgow, Jr.,* for appellants.

*John G. Johnson,* with him *Francis I. Gowen,* for appellees.

Per Curiam, April, 19, 1915:

The coupons presented by The Pennsylvania Railroad Company for payment out of the proceeds of the sale of the mortgaged premises have priority over the bonds from which they were detached: Rea v. Pennsylvania Canal Company, 245 Pa. 589.   This preference extends to the interest due on the coupons, for, while compound interest cannot, as a rule, be recovered in this State, "In the case of coupon bonds the coupons may be detached from the bond when due, and if not paid at maturity interest may be recovered thereon by the holder. (Town of Genoa v. Woodruff, 92 U. S. 502; Philadelphia & Reading R. R. Co. v. Smith, 105 Pa. 195; North Penna. R. R. Co. v. Adams, 54 Pa. 94; Beaver County v. Armstrong, 44 Pa. 63; Philadelphia & Reading R. R. Co. v. Fidelity Ins. Trust & Safe Deposit Co., 105 Pa. 216)": Philadelphia & Reading R. R. Co. v. Knight, 23 W. N. C., 215.

Decree affirmed at appellants' costs.