# Dengler, Appellant, *v.* Paul et al.

*Negotiable instruments—Coupon bonds—Theft—Holder in due course.*

The purchaser of a coupon bond from a holder who derives title through a holder in due course, and who is not a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect to all parties prior to the latter.

A negotiable instrument gives substantial right to one who derives his title through a holder in due course, provided that the former has not been guilty of any fraud or illegal act.

Where a broker sold a negotiable coupon bond to a customer and it was subsequently stolen, and later repurchased by the same broker from an innocent holder thereof and resold, the original purchaser is not entitled to recover the value of the bond from the broker.

Argued October 18, 1923.   Appeal, No. 260, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 2211, in favor of defendant, non obstante veredicto, in the case of John C. Dengler v. Clyde L. Paul, S. W. Foulkes and A. E. Pendergast, trading as Paul & Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass for conversion of a negotiable instrument. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff in the sum of $843.60.   Subsequently the court, on motion entered judgment in favor of defendant, non obstante veredicto.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*Frederick C. Brunhouse,* for appellant.—The defendants were not bona fide holders in due course, without notice: Garrard v. The Pittsburgh and Connelsville Railroad Co., 29 Pa. 154; Sedgwick v. Lewis, 70 Pa. 217; Boggs v. Lancaster Bank, 7 W. & S. 331; Gibson v. Lenhart, 101 Pa. 522; Mason v. Frick, 105 Pa. 162; Lerch Hardware Co. v. First National Bank of Columbia, 109 Pa. 240.

*C. Brewster Rhoads,* and with him *Roberts & Montgomery,* for appellee.—There was no evidence that the defendants were parties to any fraud or illegality affecting the title to the bond, and they consequently succeeded to all the rights and interests of the parties who transferred the instrument to them: Wilson v. Mechanics Savings Bank, 45 Pa. 488; Putnam v. Ensign Oil Co., 272 Pa. 301; Scotland County v. Hill, 132 U. S. 107; Crommell v. County of Sac, 96 U. S. 59; Symonds v. Riley, 188 Mass. 470.

OPINION BY PORTER, J., February 29, 1924:

This is an action to recover for the alleged wrongful conversion of a coupon bond, payable to bearer, issued by the Williamson Electric Company, a corporation, and which had been stolen from the plaintiff; subsequently came into possession of the defendants and was by the latter sold to one of their customers. The defendants are investment brokers in the City of Philadelphia and in the course of their business, in the early part of 1920, sold to the plaintiff a one thousand dollar bond of the Williamson Electric Company, the bond being in coupon form payable to bearer and bearing the number M-44. The plaintiff placed this bond with other securities in a safe deposit box in the Elverson National Bank, of which he was president. On October 30, 1920, the bank was burglarized and the bond was stolen from the appellant's safe deposit box in said bank. The plaintiff notified the defendants that the bond had been stolen and

requested them to give him the number of the bond, which the defendants did, and subsequently, upon the request of the plaintiff, succeeded in making an arrangement with the electric company to issue two five hundred dollar bonds in lieu of the one thousand dollar bond which had been stolen, upon the plaintiff filing with the trustee under the mortgage a bond of indemnity with a corporate surety, and the bonds thus issued in lieu of the stolen bond were by the defendants delivered to the plaintiff on October 22, 1921. On June 16, 1922, Morley Wood & Co., investment bankers and brokers of Philadelphia, sold to the defendants a one thousand dollar coupon bond of the Williamson Electric Company, the serial number of which did not appear on the papers confirming the purchase and sale covering the transaction, which bond the defendants sold to one of their customers on the 29th of the same month, in the usual course of business. On July 10, 1922, the defendants were informed that the bond which they had purchased of Morley Wood & Co. on June 16th and sold on June 29th, was the bond No. M-44, which had been stolen from the plaintiff. On July 12, 1922, demand was made by the trustee under the mortgage upon the appellant and his surety to return the two five hundred dollar bonds which appellant had received in lieu of the stolen bond and the appellant subsequently complied with that demand. The appellant thereupon made demand on the defendants that they return to him the stolen bond or pay the value thereof, and, upon refusal of the defendants so to do, brought this action. It appeared in evidence at the trial, and was admitted on behalf of the plaintiff, that Morley Wood & Co. had acquired the bond in due course and was a bona fide holder for value, having purchased the same at a sale by public auctioneers, in Philadelphia, who sold it for the account of the Banking Commission of the Commonwealth, in liquidation of the affairs of the South Broad Street Trust Company, with which institution the bond had been pledged by a real estate broker

of Philadelphia, as collateral security for a loan by the trust company. The defendants, upon the trial, presented a point requesting binding instructions in their favor, which point the court refused and submitted to the jury the question of defendants' knowledge, when they purchased the bond from Morley Wood & Co., of the fact that the bond was No. M-44 which had been stolen, and upon that fact the jury found in favor of the plaintiff. The learned judge of the court below subsequently sustained a motion of the defendants for judgment non obstante veredicto and judgment was so entered. The plaintiff assigns the entry of said judgment for error.

Morley Wood & Co., it is upon all hands admitted, were bona fide holders of the bond for value in due course. The bond was negotiable, they bought it without notice of any infirmity in the title and they took a good title thereto as against the plaintiff from whom it was stolen. "The distinction between such a negotiable instrument and ordinary goods and chattels such as horses, pictures, and the like is, that it is valuable only as entitling the holder to receive at some future time a certain sum of money, which is precisely the value of a note or bill of exchange. It is, of itself, neither useful nor valuable as other chattels, is but a representative of money and therefore subject to the same rules which regulate the transfer of money": Cochran v. Fox Chase Bank, 209 Pa. 38; Mason v. Frick, 105 Pa. 162. Morley Wood & Co. had a clear title to the bond and the transfer to the defendants was just to the extent of that title: Wilson v. Mechanics' Savings Bank, 45 Pa. 494. "The rule has been too long settled to be questioned now, that, whenever negotiable paper has passed into the hands of a party unaffected by previous infirmities, its character as a valuable security is established, and its holder can transfer it to others with the like immunity. His own title and right would be impaired if any restrictions were placed upon his power of disposition": Cromwell v. County of Sac, 96 U. S. 59. The Negotiable Instrument

Law of May 16, 1901, P. L. 194, section 58, provides: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable; but a holder who derives title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect to all parties prior to the latter." This statute was declaratory of the law as it then existed. A negotiable instrument gives substantial right to one who derives his title through a holder in due course, provided the former has not been guilty of any fraud or illegal act: Putnam v. Ensign Oil Co., 272 Pa. 301. It is not pretended that these defendants had any connection with the theft of plaintiff's bond. The court did not err in entering judgment for the defendants.

The judgment is affirmed.