# Foulkrod *v.* Quaker City Cold Storage Company, Appellant.

Argued December 16, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*G. A. Troutman,* with him *J. W. McWilliams,* of *McWilliams, Wagoner & Troutman,* for appellant.

*William N. J. McGinniss,* for appellee.

OPINION BY BALDRIGE, J., February 28, 1942:

The plaintiff brought suit against the defendant to recover the value of eighty-two coupons due May 1, 1941, which were detached from the unregistered bonds issued by the defendant in the sum of $69,000. Fifty-six of these coupons called for a payment of $25 each, and twenty-six for $12.50 each, making a total of $1,725. The plaintiff averred he was "holder and owner" of the bonds; that the coupons accompanying the bonds were payable "to bearer" and "were detached and presented for payment by the plaintiff after the said maturity date......" and payment was refused.

In the eighth paragraph of plaintiff's statement is a copy of a provision in the mortgage securing the bonds, reading as follows: " 'Nothing herein contained shall, however, be construed to affect or impair the right of any Bondholder, which is thereby declared to be absolute and unconditional, to demand and enforce the payment of the principal and interest on his Bonds at and after the maturity thereof, or the obligation of the Company, which is also hereby declared to be absolute and unconditional, to pay the principal of and *interest* on each of the Bonds to the respective *holders* thereof when and as the same shall be due and payable.' " (Italics supplied).

Defendant filed an affidavit of defense admitting every allegation in plaintiff's statement except one. It denied that plaintiff is the *owner* of the *bonds,* and alleged he is not entitled to recover under Rule 2002 of the Rules of Civil Procedure as he is not the real

party in interest. The plaintiff obtained a rule for judgment for want of sufficient affidavit of defense, which was made absolute. That action the appellant has assigned as error.

Appellant asserts that while plaintiff avers that he is a holder and owner of the bonds, he does not expressly state he is the holder and owner of the coupons. Plaintiff's averment of ownership of the bonds and that the detached coupons, payable to bearer, were presented for payment by him, shows that the coupons in his possession were originally attached to the bonds. The plaintiff had possession of the coupons; he was "the bearer" and as such he presented the coupons "payable to bearer" for payment, which was refused. Defendant in its affidavit of defense does not deny that plaintiff was owner and holder of the coupons.

Coupon bonds, payable to bearer, of the type here in suit are to all practical intents and purposes negotiable instruments, and are so treated by the decisions of our courts: *Cochran v. Fox Chase Bank*, 209 Pa. 34, 37, 38, 58 A. 117; *Dengler v. Paul et al.*, 83 Pa. Superior Ct. 37, 40; *Porter, Assignee v. Levering et al.*, 330 Pa. 392, 397, 199 A. 482; *First National Bank v. Goldberg et al.*, 340 Pa. 337, 343, 17 A. 2d 377.

"Interest coupons attached to negotiable bonds, when payable to order or to bearer at a time and place stated, are negotiable promissory notes, subject to the rules governing negotiable instruments, and when detached from the bond possess all the attributes of negotiable paper." 11 C. J. S., Bonds, §65.

It was held in *Rea, Trustee, v. Pennsylvania Canal Co.*, 249 Pa. 239, 241, 94 A. 833, that the coupons when due may be detached from the bonds and if they are not paid at maturity, interest may be recovered thereon by the holder. The holder of the detached coupons has the undoubted right to sue and enforce the obligation in his own name: *Carr v. Le Fevre*, 27 Pa. 413, 418.

Coupons accompanying bonds provide for the pay-

ment of interest before the principal debt falls due. They are intended to. be severed from the bond before presented for payment and to pass by delivery "untrammeled by the name of any payee thereon to restrict the rights of the holder." *Philadelphia and Reading Railroad Co. v. Smith,* 105 Pa. 195, 198, 199. A holder of a detached due coupon is not required to produce the original bond when presenting the coupon for payment.

Defendant's denial of plaintiff's ownership of the *bonds* was a denial of an unimportant averment, one that was not the gist of this action, and was insufficient to prevent judgment. "It is immaterial that......averments not of the essence of the undenied cause of action were traversed with great emphasis; such averments may be treated as surplusage." *Terry v. Wenderoth et al.,* 147 Pa. 519, 522, 23 A. 763; 4 Standard Penna. Practice, p. 169, §175. A general denial of plaintiff's ownership of a negotiable instrument or of his right to sue thereon, is insufficient to prevent judgment. Defendant must be specific and set forth facts sufficient to overcome plaintiff's prima facie title thereto: 4 Standard Penna. Practice, p. 299, §299.

Rule 2002 of the Rules of Civil Procedure, invoked by the defendant, requiring suit to be brought in the name of the real party in interest, does not prevent plaintiff's recovery in the present case. As the holder of bonds and coupons, payable to bearer, plaintiff was clearly a person entitled to sue in his own name. This was true before the adoption of. Rule 2002, and is equally true today. See Annotation to Rule 2002, 332 Pa. lxxiv; Goodrich-Amram, §2002.

The affidavit of defense in this case presented no issue of fact requiring submission to a jury and was wholly insufficient to prevent judgment.

The judgment of the court below is affirmed.