## The North Pennsylvania Railroad Company *versus* Adams.

1. Where a railroad company has no funds at the place at which the coupons on their bonds are to be presented for payment, interest is payable on the coupons after maturity without presentation.

2. Payment, tender and readiness to pay are affirmative pleas and cast the burden of proof on the defendant.

3. The coupons of a railroad company had been unpaid for some years for want of funds, subsequently the company offered to pay a holder the coupons without interest, and in a suit defended on the ground that the coupons had not been presented for payment. *Held*, that the Act of May 3d 1866, requiring corporations to pay the counsel fees of plaintiffs in suits against them in certain cases, was not applicable to such suit.

January 15th 1867.   Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.   STRONG, J., at Nisi Prius.

[North Pennsylvania Railroad Co. *v.* Adams.]

Error to the Court of Common Pleas of *Philadelphia.*

This was an action, brought June 4th 1866, by Bushrod W. Adams against the North Pennsylvania Railroad Company, to recover the amount of 11 coupons of $30 each, payable respectively January 1st and July 1st 1861, and January 1st 1862.

The coupons were of the following form:

(30) Coupon                                          No. 12. (30)
                    NORTH PENNSYLVANIA
RAILROAD                                                 COMPANY.
            Interest                    Warrant
                    for Thirty Dollars, on
Bond No. 165, payable at the office of the Company, at Philadelphia, January 1st 1861.
(Signed)
        ALEXANDER EASTON,
                            *for Treasurer.*

Copies of all of them were filed with the affidavit of the plaintiff, that at the time the coupons fell due the defendants were unable to pay them: that he believed they were presented to the company's office for payment, but, if not, it was because they had refused to pay other coupons of the same date; that defendants paid one-sixth of the face of the coupons, due January 1st 1861, but no more.

The defendants filed an affidavit of defence, by their president, averring that he had "no knowledge, information or belief as to the presentation of the coupons for payment except that those due January 1st 1861 were presented shortly after maturity, and a payment of one-sixth was made: and that subsequently, within the last twelve months from May 14th 1866, the coupons sued on were presented for payment, and the amount due on their face offered to the plaintiff, who refused to accept it unless interest from the maturity of the coupons was also paid.

The court entered judgment for want of a sufficient affidavit of defence for $449.89, the amount of the coupons with interest, and including 10 per cent. ($40.89) counsel fees, under the Act of May 3d 1866.

The defendants took a writ of error.

The assignments of error were to the allowance of interest on the coupons, and $40.89 counsel fees.

*W. R. Wister,* for plaintiffs in error.—A plaintiff should simply file a copy and statement of the extent of his claim, and not allege upon oath facts without which he could not recover: Imhoff *v.* Brown, 6 Casey 504. The averments in the affidavit are of the plaintiff's *belief* as to presentation; nothing can be inferred beyond *positive* averments: Walker *v.* Geisse, 4 Wh. 257; Harris *v.* Mason, 2 Miles 270.

[North Pennsylvania Railroad Co. v. Adams.]

The defendant was not bound to seek the holder after maturity: Emlen *v.* Lehigh Navigation Co., 11 Wright 76.

The Act of May 3d 1866, Pamph. L. 116, was intended to apply to cases where the *validity of the bonds* had been contested. It cannot be applied to defaults before its passage: Becker's Appeal, 3 Casey 52.

*G. W. Biddle,* for defendant in error.—Interest on coupons may be recovered: County of Beaver *v.* Armstrong, 8 Wright 63.

The plaintiff may make averments beyond the instrument filed, which, if not denied, are admitted: Bank of United States *v.* Thayer, 2 W. & S. 443; Mahon *v.* Gormly, 12 Harris 80, 83. The defendants should have shown a readiness to pay on presentation: Emlen *v.* Lehigh Navigation Co., 11 Wright 76; Moran *v.* Commissioners, 2 Black 722. The money was due under an *express* contract to pay at a day named, and on failure interest is payable: Robinson *v.* Bland, 2 Burr. 1077; Sedgwick on Dam. 374.

The Act of 1866 was designed, by compelling corporations to pay their creditors' counsel fees, to prevent them from oppressing their creditors.

*M. P. Henry,* for plaintiffs in error, in reply.

The opinion of the court was delivered, May 13th 1867, by

AGNEW, J.—The affidavit of defence in this case avers no possession of funds and readiness to pay the coupons at the time and place they were payable. The objection to the payment of interest is rested solely on the ground of non-presentation when due at the place appointed. But payment, tender and readiness to pay are all affirmative pleas, casting the burden of proof upon the defendant. It has been decided, therefore, in this state and elsewhere, that presentation and demand at the place of payment are unnecessary to entitle the plaintiff to recover where the defendant has shown no readiness on his part to pay at the place: Fitler *v.* Beckly, 2 W. & S. 458; Middleton *v.* Boston Locomotive Works, 2 Casey 257; Wallace *v.* McConnell, 13 Peters 136.

That coupons bear interest is decided in The County of Beaver *v.* Armstrong, 8 Wright 63. In the opinion of Justice Read the language used is, after demand and refusal, indicating the time of the running of interest to be from presentation. But the fact in that case was, that interest was recovered from the time the coupons fell due. The 4th assignment of error shows this. The coupons never were presented in New York for payment, the county having provided no funds to meet the interest on their bonds. There being no readiness to pay averred in this case, the court below was right in allowing interest from the time the

coupons fell due. The case of Emlen *v.* Lehigh Coal and Navigation Co., 11 Wright 76, was decided on the ground that the company had in bank, as found by the special verdict, cash to their credit sufficient to pay the loan to plaintiff, principal and interest, and all other accruing and payable debts of the company. There was no question as to the readiness or ability of the company to pay, but the true question was, whether a non-resident holder of a certificate of indebtedness who was abroad in Europe, and whose residence was unknown, could compel the company to pay interest after the loan fell due, not only in the absence of all proof of inability or want of readiness, but against a positive general notice to present the certificates for payment, otherwise interest after they fell due would cease. A majority of the court is of opinion that the Act of 3d May 1866 relative to the payment of counsel fees is inapplicable to this case. The judgment of the court below is therefore modified by striking out the charge of $40.89, and the judgment as thus corrected is affirmed.