## Riddle *versus* Thompson.

1. There is a radical difference between the liability of a surety and that of a guarantor, but the language of the agreement which shall constitute the one or the other is not clearly defined by the authorities.

2. The assignors of a judgment "guaranteed payment thereof in one year from this date." The assignee afterwards extended the time of payment of the judgment without the consent of the assignors, by an amicable revival thereof, in which an extended date of payment was specified: *Held*, that the assignors were not guarantors, but sureties, the confession of revival constituted a sufficient consideration for the extension of time, and the sureties were consequently discharged from liability.

October 18th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Butler county :* Of October Term 1883, No. 110.

This was an action of assumpsit, by Samuel L. Riddle against Josiah M. Thompson, Solomon R. Thompson, Allen Wilson and John C. Martin. Allen Wilson was not served; the other defendants pleaded non assumpsit, and special matter in affidavits filed.

On the trial, before BREDIN, J., the facts appeared to be as follows: John M. Thompson was committee of H. P. Sheakley, an habitual drunkard, and had given bond for the faithful discharge of his duties as such committee, with the defendants and one Fielder as his sureties. Thompson filed his account on December 23d 1876, showing a balance in his hands of $15,587.35. On January 3d 1877, a judgment was entered by confession against Thompson, in favor of his sureties in the sum of $15,000, to indemnify them against loss by reason of their suretyship. Thompson became insolvent, was removed from the trust, and a new committee appointed in his stead, who instituted proceedings against Thompson to recover the amount shown to be due by his account. To stop these proceedings, Thompson and Allen Wilson, one of his sureties, applied to Riddle, the plaintiff, to advance the necessary amount. He did so, and took an assignment of the judgment against Thompson, in the following form :

"For value received we assign this judgment to Samuel L. Riddle, Sr., and guarantee payment thereof in one year from this date, January 8th 1878.

"JOSIAH M. THOMPSON.
"SOLOMON R. THOMPSON.
"ALLEN WILSON.
"JOHN C. MARTIN.

"Witness: JOHN M. THOMPSON."

[Riddle *v.* Thompson.]

This judgment was revived April 22d 1879, by the following agreement filed of record.

" It is agreed that the prothonotary of said court enter an amicable scire facias upon the above judgment, with the same effect as if a scire facias to revive the same had been regularly issued, served personally on the defendant by the sheriff of said county, and duly so returned, and that a judgment be entered thereon in favor of the plaintiff, and against the defendant, for the sum of sixteen thousand one hundred and sixty dollars, the one-half due January 8th 1879, and the remainder January 8th 1880, amount of debt, interest and costs, now due on the original judgment.     " John M. Thompson,
" Dated April 22d 1879.     " W. H. H. Riddle,
Attorney for plaintiff."

Riddle subsequently sold the real estate of Thompson, bound by the judgment and claimed in this suit to recover the balance, amounting with interest, at the date of trial, to $10,208.30.

The defendants presented, inter alia, the following points:

5. It is in evidence upon part of the plaintiff and uncontradicted by defendants, that at the time the plaintiff took the paper, signed by the defendants, upon which this suit is brought, and at the time he made the loan and received from John M. Thompson his certificate of no defence and his agreement to pay attorney's fees, or commissions not included in the judgment against him, he agreed to an extension in favor of Thompson of the time for the payment of the judgment against him, the one-half to be paid in one year and the other half in two years from that time. This extension in favor of Thompson, the principal debtor, being for a valuable consideration and for a definite time changed the contract of the defendants and discharges them if made without their consent, there being no evidence of consent of the defendants to such extension, the verdict must be for the defendants.

7. The extension of time given John M. Thompson by the plaintiff, at the time he confessed judgment in plaintiff's favor, upon scire facias issued from the original judgment, was for a definite time, and for a valuable consideration, and having been given without defendants' consent, the verdict must be for the defendants.

These points the court reserved, and also the question " Did Riddle, by giving Thompson time, or extending the time of payment of the judgment, release the guarantors of the judgment?" and, subject to the decision of the court upon these points, directed a verdict for the plaintiff.

Subsequently the court, in an opinion by Breedin, J., entered judgment for the defendants non obstante veredicto; whereupon the plaintiff took this writ, assigning for error the action

[Riddle *v.* Thompson.]

of the court in entering judgment for the defendants non obstante veredicto, on the above reserved points and question of law.

*Charles McCandless* (with whom was *W. H. H. Riddle*), for plaintiff in error.—The parties called this instrument a guaranty, and it was a collateral agreement that the judgment was valid against the defendant, that it was good, and that if the defendant did not pay it, they would. The guarantors suffered no injury by the forbearance and are therefore still liable : Follmer *v.* Dale, 9 Barr 83 ; Van Rensselaer *v.* Kirkpatrick, 46 Barb. 194. The sureties of Thompson were fixed by the confirmation of his account for the balance due the lunatic of over fifteen thousand dollars, and by the terms of their bond they must pay that amount if Thompson did not. He was unable to pay, and an attachment was awarded. This money was raised to pay and did pay a debt they were liable and already fixed for. Whenever the main purpose and object of the promisor is not to answer for another, but to subserve some purpose of his own, his promise though in form a promise to pay the debt of another, is an original and binding contract : Arnold *v.* Stedman, 45 Pa. St. 186 ; Giltinan *v.* Strong, 64 Pa. St. 242 ; Patten *v.* Hassinger, 69 Pa. St. 311 ; Townsend *v.* Long, 77 Pa. St. 143 ; Taylor *v.* Preston, 79 Pa. St. 436 ; Landis *v.* Royer, 59 Pa. St. 95. The promise to forbear was nudum pactum and it has always been held that an agreement to give time, in order to discharge the surety, requires a consideration to support it : Ashton *v.* Sproule, 35 Pa. St. 492 ; Brubaker *v.* Okeson, 36 Pa. St. 519 ; Zane *v.* Kennedy, 73 Pa. St. 182. Mere forbearance by a creditor will not discharge the surety, however prejudicial it may be to him : United States *v.* Simpson, 3 P. & W. 437 ; P. Ft. W., &c. R. R. *v.* Shaeffer, 59 Pa. St. 351 ; Richards *v.* Commonwealth, 40 Pa. St. 146.

*T. C. Campbell* (with whom were *J. D. McJunkin* and *R. P. Scott*), for defendants in error.—Where some language was used, indicating that the responsibility of the guarantor was to be immediate and not to wait upon proceedings against the principal debtor, the courts have held the promissor to be a surety. If no such language was used they have held him to be a guarantor : Seiple's Appeal, 11 W. N. C. 392 ; Reigart *v.* White, 52 Pa. St. 440 ; Amsbaugh *v.* Gearhart, 1 Jones 482 ; Maule *v.* Bucknell, 14 Wright 39. The confession of revival of the judgment was a sufficient consideration for the extension of time : Clippinger *v.* Creps, 2 Watts 48.

[Cochran v. Young.]

The opinion of the court was delivered October 29th 1883.

PER CURIAM.    While there is a radical difference between the liability of a surety, and one who assumes a collateral obligation to guarantee the payment of the debt of another, yet the language of the agreement which shall constitute the one or the other has not always been clearly defined by the authorities.    In the present case we think the language used made the defendants in error sureties.    They agreed the judgment should be paid at a time specified.    On failure of the principal debtor to pay then, the obligation of the defendants in error to pay, became absolute. The assignee could proceed against them at once.    He was not required to pursue the original principal debtor to insolvency nor even to issue execution against him.

The plaintiff in error clearly extended the time of payment. He arranged with the defendant in the judgment whereby the latter confessed a revival of the judgment with the extension of time incorporated therein.    The confession of revival was a sufficient consideration for the extension of time therein agreed to be given.    Had execution issued before the expiration thereof it would have been set aside on motion of the defendant in the judgment.    The learned judge ruled the case correctly.

Judgment affirmed.