## Philadelphia & Reading Railroad Co. *versus* Fidelity Insurance, Trust and Safe Deposit Co.
## Huntingdon & Broad Top Mountain Railroad and Coal Co. *versus* Waln.

1. An action lies by the holder of coupons or interest warrants detached from corporation bonds payable to bearer.

2. Interest is recoverable upon such coupons or interest warrants from the time the same matured.

3. Philadelphia & Reading R. R. Co. *v.* Smith, *ante*, p. 195, followed.

4. Such an action is not limited to coupons which matured within six years prior to suit brought.

5. The right to bring such an action is not affected by the fact that the said bonds were secured by a corporation mortgage executed pursuant to the Act of January 18, 1865.

January 29, 1884.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

1. ERROR to the Court of Common Pleas No. 2, of *Philadelphia county* : Of July Term, 1883, No. 145.

2. ERROR to the Court of Common Pleas No. 1, of *Philadelphia county* : Of July Term, 1883, No. 141.

These two cases were argued and decided together in this court.   The first was an action of debt, by the Fidelity Insurance, Trust and Safe Deposit Company against the Philadelphia and Reading Railroad Company, upon 124 separate coupons or interest warrants, which had been originally attached to bonds of the defendant company.  The plaintiff filed copies of said instruments, which were in the following form :

" *Convertible Loan* 1873–93.

"THE PHILADELPHIA AND READING RAILROAD COMPANY.

" *Interest Warrant on Bond No.* 194, *Thirty-five Dollars.*

"Payable without deduction for taxes at the office of the company, in the city of Philadelphia, January 1st, 1883.
" $35.                                    J. W. JONES,
                                                  " *Secretary.*"

The defendant company filed the following suggestion of defence: "That copies of the respective bonds referred to in the several interest warrants, copies of which are filed, have not been filed in this suit, and that no action can be maintained on the said instruments as separate and distinct instruments from said bonds.   That none of the instruments of writing upon which suit is brought, are instruments of writing within the Acts of Assembly referring to affidavits of defence, and that no judgment can be entered thereon for want of such an affidavit."

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court, after argument, made absolute, and damages were assessed for the amount of said coupons, together with interest thereon from the dates when the same respectively became due and payable.   The defendant took this writ of error, assigning for error the entry of said judgment, and the allowance of interest on the face amounts of the coupons.

The second of the above cases was an action of debt by John R. Waln against the Huntingdon and Broad Top Mountain Railroad and Coal Company, upon 96 separate coupons which had been originally attached to bonds of the defendant company, and which represented the interest accrued upon said bonds from April 1, 1871, to October 1, 1882. The plaintiff filed copies of the coupons, which were in the following form:

### "CONSOLIDATED MORTGAGE LOAN.

"*Interest Warrant. Due April 1st, 1871.*

· "The Huntingdon and Broad Top Mountain Railroad and Coal Company will pay to bearer, at their office in the city of Philadelphia, thirty-five dollars, being six months' interest on Bond No. 157.

"$35.                                  "J. P. AERTSEN,
                                              "*Treasurer.*"

The plaintiff also filed copies of four bonds, to which certain of said coupons had originally been attached, said bonds being in the following form:

"*Consolidated Mortgage Loan.*

"UNITED STATES OF AMERICA.

"*State of Pennsylvania.*

"THE HUNTINGDON AND BROAD TOP MOUNTAIN RAILROAD
                    AND COAL COMPANY.

"$1,000.                                           $1,000.

"Acknowledge themselves indebted to the bearer in the sum of one thousand dollars, lawful money of the United States, which sum the said company promises to pay to bearer on the 31st day of March, 1895, with interest at the rate of seven per cent. per annum, payable semi-annually on the first days of April and October, in each year, at the office of the company, in the city of Philadelphia, upon the delivery of the annexed warrants, respectively.

"The holder of this bond is entitled to the security of a mortgage, dated March 1st, 1865, by the said Railroad and Coal Company, of its railroad and franchises, depots, water-stations, shops, and equipment, executed according to an Act of Assembly, approved January 18th, 1865, to S. Morris Waln, Rothwell Wilson, and J. Gillingham Fell, in trust to secure the full and final payment of the bonds to be issued under this mortgage, by the said company, and not to exceed in all one million five hundred thousand dollars.

" This bond shall be transferable by delivery, or it may be registered as to its ownership on a register, to be kept by the company, and being so registered, it shall then be transferable only on the books of the company until released from such registry on said books by its owner.

" *In Witness Whereof*, The said Railroad and Coal Company has caused its corporate seal to be hereto affixed and the same to be attested by the signatures of its president and secretary, and has also caused the coupons hereto annexed to be signed by its treasurer, the first day of March, in the year of our Lord eighteen hundred and sixty-five.

" L. I. WATTSON,   [SEAL.]
" *President.*

" Attest:                      " J. P. AERTSEN,

[STAMP.]                           " *Secretary.*"

Plaintiff further filed an averment of demand and refusal of payment, and claimed the amount of said coupons, together with interest thereon from the dates when the same respectively matured.

The defendant company filed an affidavit of defence, averring, inter alia, as follows:

" The plaintiff files as the instruments of writing sued on, copies of four bonds of the corporation defendants and of sundry coupons. The bonds are under seal; the coupons are unsealed instruments. None of the bonds sued on have matured, and suit cannot be maintained thereon prior to the first day of April, A. D. 1895. All the coupons, of which copies have been filed, have been severed and detached from the respective bonds to which, before severance, they belonged. They have been sued on in the present suit as separate and independent instruments of writing; none of them are under seal. All of the said coupons, which matured prior to the twenty-eighth day of March, 1867, are barred by the Statute of Limitations, as more than six years intervene between the maturity of those coupons and the commencement of this suit.

" Deponent further suggests that after severance of the said coupons sued on from the respective bonds, there remained attached, as part of the bonds, the coupons that will mature between the present time and the year 1895, when the bonds fall due. And as no copy is filed with these coupons, if plaintiff claims thereon as an entire instrument of writing, then the copy filed is not a true copy of the bonds as they exist, and not being a copy of the entire instrument sued on, the plaintiff is not entitled to a judgment thereon for want of an affidavit of defence. . . . . .

" This deponent further states that it appears by the said

bonds that the holder thereof is entitled to the security of a mortgage dated March 1, 1865, executed by the corporation defendant of its railroad, franchises, depots, water stations, shops, and equipment, which said mortgage contained the following trust. . . . . . This deponent states that this mode being provided by the said mortgage whereby the real and personal estate of the said corporation defendant may be made available for the payment of the principal and interest of the said bonds, that it would be contrary to equity and good conscience, and in violation of the trust created by the said mortgage, and of the contract subsisting between the holders of the bonds secured thereby, that any one or more of the said holders should levy on or sell any part of the mortgaged premises by execution on any judgment obtained upon the said coupons or attempt to obtain satisfaction upon the mortgaged premises in any other mode than that provided in the said mortgage.

" Deponent, therefore, suggests that if the court should be of the opinion that the plaintiff is entitled to judgment, that the plaintiff may be restrained from levying upon any portion of the mortgaged premises by process issued upon the said judgment."

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court, after argument, made absolute, and damages were assessed for the amount of said 96 coupons with interest from the dates of maturity thereof. The defendant took this writ of error, assigning for error the entry of said judgment, the allowance of interest on the coupons, and the overruling of that portion of the affidavit of defence which set up the bar of the Statute of Limitations as to so many of the coupons in suit as matured more than six years prior to the commencement of the action.

*Thomas Hart, Jr.*, and *James E. Gowen (James W. Paul* with them), for the plaintiffs in error in both cases.—The interest warrants sued upon in the first case as distinct instruments contain no promise to pay any person or holder, and will not support an action, apart from the bonds to which they were originally attached : Evertson *v.* Nat. Bank of Newport, 66 N. Y., 14 ; Scott *v.* Fields, 7 Watts, 360 ; Fidelity Ins. &c. Co. *v.* Miller, 8 Norris, 26 ; Crosby *v.* R. R. Co., 26 Conn., 121 ; Wright *v.* R. R. Co., 1 Disney's Rep., 465 ; Jackson *v.* R. R. Co., 48 Me., 147 ; Jones on Railroad Securities, § 338. The allowance of interest upon interest was error: Sparks *v.* Garrigues, 1 Binney, 152 ; Stokely *v.* Thompson, 10 Cas., 210 ; Roberts's Appeal, 11 Norris, 421.

In the second case, the suit being upon the coupons alone, as separate causes of. action, and the coupons not being under seal, the six years' Statute of Limitations by its terms applies to all which matured more than six years prior to suit brought. It is conceded that the statute would not apply to an action on the bond; but the plaintiff cannot, in this action on the coupons, as independent contracts, avail himself of the covenant under seal in the bond.

*R. C. McMurtrie*, for the Fidelity Ins. &c. Co., defendant in error.— It is now settled in Pennsylvania and the United States that coupon bonds of corporations, payable to bearer, are negotiable; that the holder of the bonds, or of the coupons is entitled to sue for the amount they represent, and that the production by the company of coupons is a defence to a suit for interest represented by such coupons: Carr *v.* LeFevre, 3 Cas., 413; County of Beaver *v.* Armstrong, 8 Wr., 63; N. Pa. R. R. Co. *v.* Adams, 4 P. F. S., 96. The negotiability and right to recover on coupons or interest warrants does not depend on and vary with their form, the coupon or warrant being controlled by the bond: County of Beaver *v.* Armstrong, 8 Wr., at p. 69; Murray *v.* Lardner, 2 Wall, 110.

*S. Morris Waln,* for John R. Waln, defendant in error.—The coupons, though detached from the bonds, partake of the nature of the bonds, and the only statute of limitations which applies to them is that which relates to sealed instruments: City *v.* Lamson, 9 Wall., 477; City *v.* Butler, 14 Wall., 282; Kershaw *v.* Town of Hancock, 10 Fed. Rep., 541; Clark *v.* City, 20 Wall., 583; Amy *v.* Dubuque, 98 U. S., 470; Town of Koshkonong *v.* Burton, 14 Otto, 668. The above and following authorities also warrant the allowance of interest on the coupons: County of Beaver *v.* Armstrong, 8 Wr., 63; Hollingsworth *v.* City of Detroit, 3 McLean, 472; North Penn. R. R. Co. *v.* Adams, 4 P. F. S., 94; Moody *v.* Reading R. R. Co., 13 W. N. C., 48; Williamsport Gas Co. *v.* Pinkerton, 14 Norris, 62; Commissioners of Knox Co. *v.* Aspinwall, 21 How., 539;. Gelpcke *v.* City, 1 Wall., 175; City *v.* Lamson, 9 Wall., 477; City *v.* Butler, 14 Wall., 282; Clark *v.* City, 20 Wall., 583; Town of Genoa *v.* Woodruff, 92 U. S., 502.

The remedy provided in the bond, by proceedings on the trust mortgage, is cumulative, and is no bar to this action, nor to execution on the judgment: Phila. & Balt. R. R. Co. *v.* Johnson, 4 P. F. S., 127.

Chief Justice MERCUR delivered the opinion of the court, October 6, 1884.

[Schott *v.* Harvey.]

These cases were argued together. The suits were on certain coupons or interest warrants, originally attached to bonds executed by the respective plaintiffs in error.

Two objections only to a recovery, were made in the affidavit of defence. One was the not filing a copy of the bonds to which the coupons had originally been attached, and the averment that no action could be maintained on the coupons as separate and distinct instruments. The other was that the coupons were not such instruments of writing as to require an affidavit of defence. The contention is therefore restricted to these objections.

The main question as to the character of the coupons, was fully considered and decided in Philadelphia & Reading R. R. Co. *v.* Smith, a case in which judgment has just been entered. [Reported *ante*, p. 195.] We deem it unnecessary to repeat the reasons there given for holding that coupons of this character possess a legal status in the hands of the holder. It follows that an action thereon may be maintained in his name, without filing any copy of the bond to which it was originally attached.

As these coupons possess such a separate character, and call for the payment of money at a specific time, they clearly constitute such instruments of writing as to require the makers thereof to interpose an affidavit of defence to prevent judgment thereon.

Judgment affirmed in each case.