## PHILAD. & R. R. CO. v. D. A. KNIGHT ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-
PHIA COUNTY.

Argued January 15, 1889—Decided January 28, 1889.

1. As a general rule, the contract of suretyship is an original undertaking,
   and the surety is bound therein to the full extent of the liability of the
   principal.
2. In the case of bonds with interest coupons, the latter may be detached
   from the bonds, as they become due, and if not paid at maturity the
   holder may recover interest thereon from the obligors.
3. Wherefore, the guarantor of the prompt payment of the principal and
   interest of such bonds is liable for interest upon the separable coupons
   therefrom, from the time the same are payable.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 440 January Term 1888, Sup. Ct.; court below, No. 671
December Term 1887, C. P. No. 3.

To the number and term of the court below indicated, David
A. Knight and others, executors of Wm. H. Knight, deceased,
brought assumpsit against the Philadelphia & Reading R. Co.,
to recover upon certain interest coupons from corporate bonds
issued by the Schuylkill Navigation Co., secured by a trust
deed or mortgage dated July 12, 1870.

With the plaintiff's statement was filed an attached copy of
the bond of the navigation company and of the coupons sued
upon.    There was indorsed upon the bond the following guar-
anty executed by the Phil. & R. R. Co., defendant, by its cor-
porate officers:

Know all men by these presents, That for a valuable con-
sideration the Philadelphia and Reading Railroad Company
hereby guarantee the punctual payment of the principal and
interest of the within obligation when and as the same shall
respectively fall due.

In Witness Whereof, The said company have hereunto
affixed their corporate seal, attested by their president and

secretary, this twelfth day of July, Anno Domini eighteen hundred and seventy.

The plaintiffs claimed interest upon the amounts due upon the coupons, severally, from the time when payable.

The defendant company filed an affidavit of defence, averring that, as the action was not against the Schuylkill Nav. Co. to recover upon the coupons, but upon the guaranty of the defendant company for the punctual payment of the principal and interest upon the bonds, to which the coupons were attached, interest upon the coupons was not recoverable against the defendant company.

Upon a rule for judgment for want of a sufficient affidavit of defence, the court, FINLETTER, P. J., directed judgment to be entered for the plaintiffs for the amount due upon the coupons with interest from the times when the same were payable. The defendant then took this writ, assigning the order entering such judgment as error.

[Other like actions were brought against the defendant, wherein the same defence was made, like judgments entered, and writs of error raising the same question taken, and argued with this case.]

*Mr. Thomas Hart, Jr.*, for the plaintiff in error:

1. Compound interest is not recoverable in Pennsylvania, without a special agreement to pay it: Sparks v. Garrigues, 1 Binn. 152; Stokely v. Thompson, 34 Pa. 210; Robert's App., 92 Pa. 421. The ground upon which interest is allowed on coupons against the obligor of the bond, is that the coupons are separable instruments, perfect in themselves and negotiable in form: Aurora City v. West, 7 Wall. 82; Clark v. Iowa City, 20 Wall. 583; Beaver Co. v. Armstrong, 44 Pa. 63; North Penn. R. Co. v. Adams, 54 Pa. 94; Phil. & R. R. Co. v. Smith, 105 Pa. 195.

2. Now, the suits against the defendant here are not upon the coupons. The coupons themselves contain no engagement of the defendant company. The obligation of the defendant is indorsed upon the bond alone, guaranteeing the payment of the "principal and interest of this obligation." A surety is not to be charged beyond the precise terms of his engagement:

De Colyar on Guaranties, 178\*, 203\*; Brandt on Suretyship, § 79; Commonwealth v. Simonton, 1 W. 312.

*Mr. Wm. K. Shryock, Mr. E. P. Allinson, Mr. J. W. M. Cardeza* and *Mr. Thomas B. Taylor*, for the defendants in error:

1. A surety is bound with his principal as an original promisor. He is a debtor from the beginning and must see that the debt is paid. He is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the principal, nor by want of notice of his default. Being bound with the principal, his obligation to pay is equally absolute: Bean v. Chapman, 62 Ala. 58; McMillen v. Bank, 32 Ind. 14; Ackermann v. Ehrensperger, 16 M. & W. 99; De Colyar on Guaranties, 203\*; Stovall v. Banks, 10 Wall. 583; Benjamin v. Hillard, 23 How. 149; Bowman v. Read, 2 Wall. 51; Roth v. Miller, 15 S. & R. 100.

2. Although separable coupons for interest are negotiable securities, and the holders may sue thereon without producing or being interested in the bonds from which they were detached, yet for the purpose of ascertaining the legal rights of the parties, the bond, the mortgage therein referred to, and the coupons, must all be construed together: McClelland v. Railroad Co., 3 N. Y. St. R. 250; Genoa v. Woodruff, 2 Otto 502; Moody v. Railroad Co., 13 W. N. 48; Phil. & R. R. Co. v. Smith, 105 Pa. 195; North Penn. R. Co. v. Adams, 54 Pa. 94; Beaver Co. v. Armstrong, 44 Pa. 63; Phil. & R. R. Co. v. Fidelity Co., 105 Pa. 216.

OPINION, MR. CHIEF JUSTICE PAXSON:

The liability of the plaintiffs in error in these cases is conceded to the extent of the principal of the bonds and the interest due thereon. They deny, however, that they are responsible under their contract of suretyship for interest upon the over-due coupons; no such contract appears upon the coupons; it is to be found indorsed upon the back of the bonds respectively and is as follows:

" Know all men by these presents, that for a valuable consideration the Philadelphia and Reading Railroad Company hereby guarantee the punctual payment of the principal and interest of the within obligation when and as the same shall respectively fall due."

We have no controversy with the cases cited for the plaintiffs in error, which decide that compound interest cannot as a general rule be recovered in this state. It is equally true, however, that in the case of coupon bonds the coupons may be detached from the bond when due, and if not paid at maturity interest may be recovered thereon by the holder: Town of Genoa v. Woodruff, 92 U. S. 502; Phil. & R. R. Co. v. Smith, 105 Pa. 195; North Penn. R. Co. v. Adams, 54 Pa. 94; Beaver Co. v. Armstrong, 44 Pa. 63; Phil. & R. R. Co. v. Fidelity Ins. & T. Co., 105 Pa. 216.

There can be no doubt that the Schuylkill Navigation Company would have been liable to pay interest on their coupons. Is the Reading Railroad Company as surety on the bonds in any better position? We think not. As such surety the company is bound to the full extent that the principal is bound. This is the general rule in regard to sureties, and there is nothing in this case to limit this liability. The plaintiffs in error knew when they guaranteed the bonds that they had coupons attached, and that if the coupons were not paid at maturity interest could be recovered thereon. Their contract was an original undertaking, and the holders of the coupons had a right to proceed at once against the surety. The holders of the coupons are not bound to surrender them until paid with interest; the surety has no right to demand them until payment in full of both principal and interest.

The judgment is affirmed in each case.