In the Matter of the Accounting of JOSEPH ZIELINSKI, JR., as Executor of MARY ZIELINSKI, Deceased.

Surrogate's Court, Orange County, November 22, 1948.

*Henry B. Merritt* for executor.

*Edward M. O'Gorman* for Jennie Zielinski and others, infants.

TAYLOR, S. The testatrix by paragraphs " Seventh " and " Eighth " in identical text, except for the names, gave and bequeathed to her daughters the indebtedness on the part of these children to the testatrix. The dispositive provisions are:

" If my daughter [naming her] is indebted to me in any amount at the time of my death, I give the amount of said indebtedness to her, and direct that my said executor execute any and all necessary documents to cancel or discharge the said indebtedness.

" If my daughter [naming her] is not indebted to me in any amount at the time of my death, then and in that event I give and bequeath to her the sum of Five hundred Dollars ($500.)."

It appears that the only present indebtedness of either daughter to the testatrix is upon contracts by which both daughters and their respective husbands agreed to purchase certain real property of the testatrix and her husband, the full considerations not yet having been paid. The testatrix' husband predeceased her.

The question posed for determination is whether or not the bequests to the daughters of " the amount of said indebtedness " refers to and includes the amounts due upon the two several contracts, even though the daughters and their respective husbands are the purchasing parties.

It is undoubtedly the general rule that the gift or forgiveness of an indebtedness by will does not include a debt of the legatee owed jointly with another. (69 C. J., Wills, § 1462; 4 Page on Wills, § 1567; *Waterman* v. *Alden,* 143 U. S. 196; *Bank of Buffalo* v. *Thompson,* 121 N. Y. 280.)

No testimony has been offered of the situation existing at the time the testatrix made her will, except it does appear from the two real property contracts offered in evidence that they were both executed before the will, and we may assume that the testatrix in making her will had in mind these two real estate contracts. In one of the contracts provision is made that when the purchase price is reduced to a named amount, the purchasers will be entitled to a deed and in turn will execute and deliver to the sellers a mortgage to secure the balance. The other contract contains no provision with respect to the delivery of the deed before payment in full of the purchase price.

In examining the will itself it is observed that there is no devise of either parcel of real estate contracted to be sold to the daughters, and there is no devise or bequest to the daughters, except as they are residuary legatees with all of the testatrix' children other than the alternate provision that in the event the daughters are not indebted to the decedent at the time of her death each is given the sum of $500.

Testatrix' general scheme for disposing of her estate is of controlling importance requiring a departure from the literal meaning of the language of the will. (*Ely* v. *Megie,* 219 N. Y. 112; *Matter of Manning,* 196 App. Div. 575; *Matter of Welser,* 89 Misc. 337.)

Applicable here, too, is that the oft-cited rule that a testator's intention is to be gathered from the four corners of the will, aided by the circumstances surrounding him at the time of the execution of the will, and that intent is to be effectuated if such may be done and not run counter to the law or public policy.

The court may take judicial notice of the more or less prevalent practice of title to real property being taken in the names of husbands and wives as tenants by the entirety, and the fiction (perhaps somewhat weakened at this day) that husband and wife are one. For our purpose it matters not whether the indebtedness of the daughter and her husband is joint, several, or joint and several, for, obviously, the forgiveness of the debt of one would *ipso facto* relieve the other of that indebtedness.

The words " indebted " and " indebtedness " must be " read in connection with the facts out of which their necessity arises, for, although the term has been said to have a fixed and well understood meaning, it is a wide term of large meaning, and it must be construed in every case in accord with its context." (42 C. J. S., p. 555.)

Other illustrations of the inclusiveness of these terms when applied to varying situations, may be found in *Dibble* v. *Richardson* (171 N. Y. 131); *Matter of Allen* (111 Misc. 93, affd. 202 App. Div. 810, mod. 236 N. Y. 503); *Matter of Robinson* (175 Misc. 433); *Chase* v. *Ewing* (51 Barb. 597); *Matter of Robert* (4 Dem. 185).

The conclusion of the court is that the testatrix by the quoted provisions of her will intended to forgive to her daughters the indebtedness growing out of the contracts of sale, and the executor will be directed to execute deeds to carry these will provisions into effect.

Decree may be settled on five days' notice or by consent.