## Caplan Estate

*Leslie Handler,* for executors.

*Bruce Cooper,* for objectant.

SWOPE, P. J., August 1, 1975.—We have before us objections to the first and final account of the executors in the estate of Maurice A. Caplan. The objections were raised by Arlene C. Seitchik, daughter of decedent and residuary legatee under the will.

Decedent died November 3, 1972. A petition for letters testamentary was filed on November 14, 1972, and letters testamentary were issued on the same date to Etta Caplan, wife of the deceased, and Sydney Caplan, son of the deceased. An inventory of the real and personal estate of decedent was filed August 2, 1973, and the schedule of proposed distribution, together with the first and final account, was filed with the Register of Wills on October 28, 1974.

In the statement of proposed distribution, the executors of the estate proposed to distribute to Sydney Caplan an amount of $231,063.71 in satisfaction of a bequest under paragraph 1 of a codicil dated April 18, 1969. That paragraph provides the following:

"I also give and bequeath to my son, Sydney D. Caplan, an amount . . . equal to one-half (½) of the indebtedness owing to The Commonwealth National Bank by virtue of having guaranteed any obligations of either Harrisburg Textile Co. or Sydmac, Inc.; provided, however, that if The Commonwealth National Bank requires payment of such guaranteed indebtedness up to said one-half of such indebtedness, then this bequest shall be proportionately reduced."

It was stipulated by the attorneys for both the objectant and the executors that the obligation of the Harrisburg Textile Company owing to the Common-

wealth National Bank totalled $599,500 on November 3, 1972, the date of death of decedent. It was further stipulated that Sydney Caplan had signed a $650,000 guaranty, bearing the date of April 16, 1969, in favor of the Commonwealth National Bank and that he had signed each note representing the corporate indebtedness to the Commonwealth National Bank. Lastly, it was stipulated that the Harrisburg Textile Company was not in default on the aforementioned obligations on November 3, 1972. The objectant raises two arguments. First, she argues that, under the aforementioned facts, decedent did not intend that there would be a distribution to Sydney Caplan under paragraph 1 of the codicil. This argument is based on the premise that by virtue of having guaranteed the corporate obligations, Sydney Caplan is not indebted to the bank. Secondly, she argues that paragraph 1 of the codicil is ambiguous and that, as a result, she should not be disinherited by giving effect to the provision. With these arguments, the court cannot agree.

Generally, the meaning of the word "indebtedness" is broad. In In re Zielinski's Will, 84 N.Y.S.2d 89, 92, 193 Misc. 826 (1948), the court held that the term must be construed in accordance with the context in which it occurs. In the case at hand, the term "indebtedness" is found in the context of one that has arisen by virtue of a guarantee of an obligation. Therefore, it is necessary to determine whether Sydney Caplan was indebted by having guaranteed any obligations.

As was stipulated by the parties, Sydney Caplan had signed a "guaranty" agreement guaranteeing the payment of obligations owed by the Harrisburg Textile Company to the Harrisburg National Bank and Trust Company, predecessor to the Commonwealth National Bank. Generally, a mere guarantor is not indebted to the obligee until the principal obligor has defaulted in

the performance of his obligation. See Brock's Assigned Estate, 312 Pa. 7, 14-15, 166 Atl. 778, 781 (1931). However, in a proper case, a person styled as a guarantor may be a surety in the eyes of the law and, as a result, will be directly and immediately liable for the payment of a debt: Id. at 15, 166 Atl. at 781. Most importantly in this regard, the Legislature of Pennsylvania provided in 1913 that:

"Every written agreement hereafter made by one person to answer for the default of another, shall subject such person to the liabilities of suretyship . . . unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship.' ": Act of July 24, 1913, P. L. 971 sec. 1; 8 PS §1.

Thus, even though an agreement may be described as a "guaranty" agreement, it will be deemed to create a suretyship unless the statutorily prescribed clause is present: Wurlitzer Co. v. Oliver, 334 F. Supp 1009 (W.D. Pa., 1971). See also Philad. & R.R. Co. v. Knight, 124 Pa. 58, 16 Atl. 492 (1889); Riddle v. Thompson, 104 Pa. 330 (1883). In construing the 1913 Act, the Pennsylvania Supreme Court, in Waber's Estate, 317 Pa. 497, 500, 177 Atl. 51, 52 (1935), held:

"[T]he words 'guaranty' and 'suretyship' are in ordinary business transactions frequently used interchangeably and with little understanding of the technical differences between the two . . . Since the act, it is well settled that the words 'guarantee' or 'guarantor' are not sufficient to satisfy the act, and therefore do not prevent the creation of 'the liability of suretyship as distinguished from technical guaranty.' "

In the case at bar, the agreement between Sydney Caplan and the bank meets the requirements of a suretyship contract even though the agreement is entitled a "guaranty." The agreement "absolutely and un-

conditionally" subjects Sydney Caplan to the liabilities of the Harrisburg Textile Company "as surety." Furthermore, there is no language anywhere in the agreement that purports to disclaim liability as a surety. Therefore, because Sydney Caplan is indebted to the Commonwealth National Bank by virtue of having entered into a guaranty agreement with the bank, the provisions of paragraph 1 of the codicil are operative.

In addition, there are further considerations that establish that Sydney Caplan was indebted to the bank by virtue of having guaranteed the corporations' indebtedness. Sydney Caplan co-signed the promissory notes executed by the Harrisburg Textile Company. Thus, he is individually liable on the instrument: Act of April 6, 1953, P. L. 3, sec. 3-401, reenacted October 2, 1959, P. L. 1023, sec. 3, 12A PS §3-401. This fact, coupled with the recognition that the term "guaranty" is frequently used in a non-technical sense, further satisfies this court that the terms of paragraph 1 of the codicil were met.

With regard to the claim that paragraph 1 of the codicil is ambiguous, the objectant argues that if the court interprets the opening clause[1] of the disputed provision as referring to an indebtedness of Sydney D. Caplan, then the second clause[2] of that provision is irreconcilable, because it would seem to reduce the

---

[1] For purposes of clarity, the opening clause is "I also give and bequeath to my son, Sydney D. Caplan, an amount . . . equal to one-half (½) of the indebtedness owing to The Commonwealth National Bank by virtue of having guaranteed any obligations of either Harrisburg Textile Co. or Sydmac, Inc."

[2] The second clause is "provided however, that, if the Commonwealth National Bank requires payment of such guaranteed indebtedness up to said one-half of such indebtedness, then this bequest shall be proportionately reduced."

amount of the bequest to Sydney Caplan if he had to pay any of the debt. In respect to this, the objectant argued: "It strains the imagination to the breaking point to comprehend the rationale of bequeathing to Sydney D. Caplan ½ of the indebtedness but providing that if he has to pay said indebtedness, this bequest will be proportionately reduced." Therefore, the objectant concludes that the second clause must refer to a demand of payment from the estate. The objectant then contends that if this is so, then the first clause must, of necessity, refer to an indebtedness guaranteed by decedent. Thus, the objectant concludes: "Paragraph 1 of the First Codicil is therefore vague in several respects. In the first instance; it fails to set forth who the guarantor is. It is also vague as to whose payment of the guaranteed indebtedness would reduce the bequest."

The court disagrees with this conclusion. The second clause expressly refers to a demand for payment of a "guaranteed indebtedness" as distinguished from an indebtedness created by virtue of guaranteeing the payment of a debt. Thus, the second clause is clearly referring to a demand for payment from the primary obligor. In this case, that would be either the Harrisburg Textile Company or Sydmac, Inc. This construction is perfectly logical. If either corporation is required to pay any portion of the debt, then the liability of Sydney Caplan, as surety, is reduced and the bequest to him, consistent with testator's scheme, should also be reduced. Therefore, the objectant's argument that the provision is vague or ambiguous cannot be sustained. Thus, due to the fact that there are insufficient assets in the estate to satisfy the specific bequests, the objectant, as a residuary legatee, is precluded from sharing in the estate. We, therefore, make the following:

## FINAL ORDER

And now, August 1, 1975, the objections to the proposed distribution in the within-captioned matter are hereby overruled, each and severally.